Thomas P. Cushing & al. versus John S. Ayer & al.

If a mortgagee, upon a demand being made by the assignee of the mortgagor "to render a true account of the sum due," (under the provisions of Rev. Stat. c. 125, § 16,) renders an account, wherein he states that two separate items are both due, and claims to be paid the amount of both in order to a redemption, when he is entitled to receive one of those sums, but not the other; this is not "a true account of the sum due," and amounts to such refusal to render an account, as will enable the assignee of the equity of redemption to maintain a bill in equity to redeem the mortgage without having first tendered payment.

If the mortgagor, for an adequate consideration, conveys a part of the mortgaged premises, and afterwards conveys the residue to another person, it would seem, that the estate last conveyed, if of sufficient value for that purpose, is charged in equity with the redemption of the mortgage.

Where a part of a lot of land, the whole of which is encumbered by a mortgage, is sold to one for an adequate consideration; and afterwards the residue is sold to another, and a sufficient amount of the consideration is kept back and reserved to redeem the mortgage, under an express agreement to apply the same for that purpose; and the last purchaser pays the amount due on the mortgage, and takes to himself from the mortgagee a quitclaim deed of the premises; so far as it respects the first purchaser, this is a redemption of the mortgage.

When the deeds affecting the title are all on record, one purchasing of such second purchaser by deed of warranty, must be deemed to have had constructive notice of their contents, and can stand in no better condition than his grantor.

Where notice of foreclosure of a mortgage by advertisement has been given, in pursuance of the first mode provided in the fifth section of Rev. Stat. c. 125, by the mortgagee, after he has sold and assigned the mortgage, and has ceased to have any interest therein, such proceeding is wholly ineffectual, and cannot enure to the benefit of any one.

Bill in equity against John S. Ayer and John Fiske; and heard on bill, answer and proof.

Brown and Gardner were the owners of a lot of land in Bangor, and on Nov. 19, 1833, conveyed the same to P. & P. H. Coombs, who at the same time gave back a mortgage thereof to secure the payment of notes for the consideration. Both deeds were recorded on the day of their date. On the same day P. & P. H. Coombs conveyed to Norcross and Treadwell a part of the same lot, by deed of warranty, duly recorded. On Jan. 2, 1835, Norcross and Treadwell, by deeds

of release, divided between themselves the lot conveyed to them by P. & P. H. Coombs, and afterwards, on the same day, by separate deeds, dated back to Nov. 19, 1833, mortgaged their separate lots to their grantors to secure their several notes for the purchase money. These mortgages were recorded on Jan. 3, 1835. On Nov. 16, 1835, P. & P. H. Coombs conveyed the residue of the lot to Treadwell, who gave them a mortgage to secure the purchase money, which was recorded the same day. The right which Norcross had to redeem his lot was sold on execution to Johnson and conveyed to him by the officer on Sept. 3, 1838. On July 19, 1841, Johnson conveyed the equity of redemption, by him purchased at the sheriff's sale, to the plaintiffs. On August 24, 1841, P. & P. H. Coombs, by their deeds, on the outside of the aforesaid mortgages from Norcross and from Treadwell to them, did " grant, assign, release and convey," the same unto John S. Ayer, one of the defendants, the said deeds containing covenants of general warranty, " the proviso within contained for the redemption only excepted." These assignments were duly recorded. On the next day, August 25, 1841, Ayer paid to Mrs. Kinsley, to whom the Brown and Gardner mortgage from P. & P. H. Coombs had been assigned, the amount due thereon, and received from her a quitclaim deed of " all the right, title, interest and claim I have in and to the following described premises," describing the same premises mortgaged to Brown and Gardner ; the descriptive part concluding thus :— " And being the same deeded by Enoch Brown and Samuel J. Gardner to Philip and Philip H. Coombs, and by them conveyed in mortgage to said Brown and Gardner, by deed dated Nov. 19, 1833. The same having been assigned to me by said mortgagees, and is hereby released." On Dec. 9, 1841, Ayer conveyed to Fiske, the other defendant, by deed of warranty, the lot embraced in the mortgage from Norcross to Coombs.

The facts, considered by the Court to have been proved by the answers and evidence, are stated sufficiently in the opinion of the Court.

The case was very fully argued, mainly upon the facts, by

Cushing *v.* Ayer.

*Cutting*, for the plaintiffs, and by

*S. W. Robinson*, for the defendants.

*Cutting* called to his aid, as matter of law, these principles.

When the holder of a mortgage is called upon to render an account of the amount justly due, and he does not do it, the necessity of a tender is dispensed with. It is not enough, that he should state, that two or more sums are due, even if one of them should be the true sum. Rev. Stat. c. 125, § 16, 17 and 18; *Willard* v. *Fiske*, 2 Pick. 540.

Ayer purchased of Coombs with the knowledge of the state of the title, and of the prior conveyance to Norcross. It was the duty of Coombs to pay off and discharge the Brown and Gardner mortgage; and Ayer took the estate with all the equities attending it. On this principle, that mortgage was discharged on the payment of the money to Mrs. Kinsley. *Wade* v. *Howard*, 6 Pick. 498; Rev. Stat. c. 125, § 17; *James* v. *Mory*, 2 Cowen, 320; *Clute* v. *Robinson*, 2 Johns. R. 612.

Ayer received the conveyance of the property from P. & P. H. Coombs in payment of a preexisting debt, and therefore received it subject to all the equities to which his assignors were subject. *Clark* v. *Flint*, 22 Pick. 243.

On the face of the deed from Mrs. Kinsley the mortgage is discharged, not assigned. 6 Pick. 492; 11 Pick. 289.

The consideration paid by Ayer to Coombs for the assignment of the Coombs mortgages to him was but the balance due to Coombs on those mortgages above paying the Brown and Gardner mortgage. And the evidence shows, that he expressly agreed to procure the discharge of that mortgage.

Fiske was bound to know the state of the title upon record, and by his conveyance from Ayer took nothing but the title of the latter. *Clark* v. *Jenkins*, 5 Pick. 280; *Mills* v. *Comstock*, 5 Johns. Ch. R. 214.

*Robinson*, in his legal positions, contended that the defendant, Ayer, did furnish a full and fair account of the amount due, as the statute requires. There was a full and fair statement of

the amount due on the mortgage from Norcross to Coombs, which the plaintiffs admit they must pay; and also of the Brown and Gardner mortgage, which we say they ought to pay. All that is necessary, is, that the party wishing to redeem, should know how much to tender. *Willard* v. *Fiske*, 2 Pick. 540; *Allen* v. *Clark*, 17 Pick. 54.

He objected to the admission of all the parol evidence offered by the plaintiffs, giving his reasons for his objections.

He considered it a perfectly well settled principle in courts of equity, that where a person who has acquired an interest in an equity of redemption takes a conveyance from the mortgagee, that the mortgage is to be upheld, if his interest requires it. 3 Greenl. 260; 7 Greenl. 102, & 377; 14 Maine R. 9; 22 Maine R. 85; 16 Maine R. 146; 3 Johns. Ch. R. 53; 18 Ves. 384.

The intention must be gathered from the deed itself, and parol evidence is inadmissible to show what that intention was. 6 Pick. 492; 12 Mass. R. 26.

Even the delivery of the Brown and Gardner notes to Ayer by Mrs. Kingsley would in equity draw after it the mortgage. 2 Burr. 978; Powell on Mort. 186 to 190; 17 Mass. R. 425; 1 Johns. R. 580.

Should the plaintiffs sustain their bill, they are not to be entitled to costs. Rev. Stat. c. 125, § 16; 6 Pick. 420; 17 Pick. 47.

The opinion of the Court was drawn up by

WHITMAN C. J. — The bill seeks to obtain a redemption of a mortgage, of certain real estate situate in Bangor, made by two persons by the name of Coombs, who had immediately before conveyed the same in fee to their mortgagor, Norcross. The plaintiffs are the vendees, under a sale upon execution against him, of his equity of redemption; and the defendant, Ayer, claims the premises as the assignee of the Messrs. Coombs, by virtue of a deed made to him by them, of their right and title thereto. So far there is no controversy between the parties.

But, when the Messrs. Coombs conveyed to Ayer, there was an outstanding mortgage, made by them, anterior to their conveyance to Norcross, to Messrs. Brown and Gardner ; so that neither Norcross, nor those claiming under him, nor Ayer could have an unincumbered title to the premises, till the mortgage to Brown and Gardner had been redeemed. Ayer, therefore, after his purchase of the Messrs. Coombs, paid the amount due on that mortgage to a Mrs. Kinsley, who had become the assignee thereof ; and took from her a deed, *releasing, selling* and *forever quitclaiming* to him her right and title to the premises. Ayer now claims to hold the same against the plaintiffs till they will pay, not only what is necessary to discharge the mortgage made by Norcross, but, also, the amount paid by him to obtain his conveyance from Mrs. Kinsley. This latter claim the plaintiffs resist, upon the ground, that the Messrs. Coombs were bound to clear the estate from that incumbrance ; and that Ayer, in taking his assignment from them, of the mortgage made by Norcross, having had notice, at the time, of the existence of the mortgage to Brown and Gardner, could be in no better situation than were the Messrs. Coombs ; and moreover, because, at the time of his purchase of them, it was expressly understood and agreed, in effect, that he should remove that incumbrance : that virtually, so much of the consideration for the assignment of the mortgage made by Norcross, and for the assignment of mortgages of other portions of the estate mortgaged to Brown and Gardner, was retained by Ayer as would be sufficient to redeem the latter mortgage.

Before going into a consideration of the questions thus arising, it becomes necessary to dispose of a preliminary objection, made by the defendant, Ayer. The bill is framed under the Revised Statutes, c. 125, § 16 ; and alleges a demand upon the defendants severally, before filing the bill, to " render a true account of the sum due," in order that a tender might be made thereof, and that they, each, " refused or neglected" to render such an account. Ayer's reply to the demand is in writing. It begins by saying, " the following is a statement of

my claim on the land and buildings on State Street, now occupied by Jesse Norcross, Jr. (being the premises in question) as near as I now can present it." And then states, and (for aught appearing to the contrary) truly, that the amount due on the notes given by Norcross, and secured by his mortgage, was, on the 31st of August, 1841, (which was soon after the demand was made) $700,44, but goes on to say, "I have paid off a prior incumbrance upon a tract of land, which includes the above ; " and then states the amount so paid, to be $1853,72 ; and insists that this was a rendering of "a true account of the sum due ;" and is a sufficient reply to the demand of the plaintiffs to render such an account; and that, whether the plaintiffs are bound to pay but $700,44, or more, he has furnished the data by which they might be enabled to make a tender understandingly, if they were disposed to make one ; and it would seem quite clear, that they might have done so. But it is equally clear, that it would have been a useless ceremony. The reply to the plaintiff's demand shows, that he insisted on the payment of both of the sums named, in order to a redemption ; and the argument of his counsel fully confirms the belief, that he would not have accepted the $700,44, if it had been tendered to him.

In Willard v. Fiske, 2 Pick. 540, the subject of such demands and replies is very fully considered. It is there said, that the statute (and the Massachusetts statute is precisely like ours) should have a liberal construction, by way of effectuating the object manifestly in view in passing it; that it was to facilitate the redemption of mortgages, concerning which formerly much inconvenience had been experienced ; and that a denial of the plaintiff's right would be sufficient to authorize the maintaining of a bill. Ayer's reply was virtually a denial of the plaintiff's right to redeem, unless he were paid both of the sums named. If he had a right to exact both sums, then his reply was a true statement of "the sum due." The object of a demand in such cases must be believed to be to obtain a statement of the precise sum due, so that a tender could be made, which would be accepted. If a mortgagee

Cushing *v.* Ayer.

states a variety of items as presenting the amount due, and he has no right to one or more of them, it is no statement of the sum due. We think, therefore, that the demand of the plaintiffs, of a statement of the amount due, was not, according to the requirement in the statute, complied with by Ayer, unless he is entitled to both of the sums named. If he is so entitled the object of the plaintiffs in redeeming will be wholly frustrated ; for the amount to be paid to extinguish the incumbrance alone would be greatly beyond the value of the *premises* sought to be redeemed.

We must, then, determine whether Ayer has a right to withhold the premises till the sums claimed by him shall have been paid. The plaintiffs' first position, that Ayer, having purchased of the Messrs. Coombs, with knowledge of their liabilities, and such knowledge he appears to have had, he must be deemed to have taken the estate, with all the equitable claims connected with it, is not without, at least, the semblance of support from the authorities. In *Taylor* v. *Slibbert*, 2 Ves. jr. 439, it is said, " that a purchaser with notice is bound in all respects as the vendor." And this doctrine is confirmed by Chancellor Kent, in *Champion* v. *Brown*, 6 Johns. Ch. R. 402 ; and, again, by the Supreme Court of Massachusetts, in *Clark* v. *Flint & al.* 22 Pick. 231 ; and the same principle would seem to have been recognized in *Wade* v. *Howard & al.* 6 Pick. at page 498. This, certainly, is a very reasonable position ; for it cannot well be supposed, that any one would purchase an estate, knowing it to be incumbered, without reserving to himself, in the purchase, adequate means to remove it.

But we do not deem it necessary to place the decision of this cause upon the ground of any equitable presumption, however forcible it may be, the proof, in our opinion, clearly warranting the belief, that Ayer purchased the mortgage in question, with certain other mortgages of parcels of the estate mortgaged to Brown and Gardner, with an express understanding and agreement, that he should, with an adequate amount of the consideration reserved by him for the purpose, extinguish that incumbrance. It is true, that Ayer, in his answer, denies

this fact. The proof therefore must be sufficient to overcome the evidence arising from such denial. For this purpose Philip Coombs, one of the mortgagors, has been examined by the plaintiffs as a witness. Ayer objects that he is incompetent by reason of interest. It appears, that immediately before he and his partner took their mortgage from Norcross, they had conveyed the premises to him by deed of general warranty, so that they would seem to have a direct interest in *compelling* Ayer to redeem the incumbrance, which they had created before they sold to Norcross. But it further appears, among the exhibits in proof, that the interest of the witness is a balanced one. In the deeds, which Ayer took from the Messrs. Coombs, which were assignments upon the back part of three mortgages, covering all the estate described in the mortgage to Brown and Gardner, the Messrs. Coombs " *grant,* assign, release and *convey,*" " the *premises* within conveyed," to them; and all their " right, title, interest and estate in and to the same ;" and in conclusion, they covenant, that the premises are free of all incumbrances, " the proviso within contained for redemption only excepted," and that they and their heirs " will warrant and defend against all persons." The same incumbrance of the mortgage to Brown and Gardner was, therefore, warranted against by the witness, in his conveyances to Ayer, as in the deed to Norcross ; and the liability to Ayer, would seem to be equal, at least, to that to Norcross, and those claiming under him. The witness, therefore, is competent.

He testifies very fully to the fact, that it was expressly understood and agreed, between him and Ayer, that the funds put into Ayer's hands, by the transfers of the mortgages to him, were sufficient, if redeemed, to enable him to pay the amount due on the mortgage to Brown and Gardner, and to leave a surplus for his benefit, in payment of a debt due from the Messrs. Coombs to him of $534,32 ; and if the mortgages should not be redeemed, that the surplus would be still greater, as the property mortgaged was worth much more than the sums, which were secured by the mortgages. And he produces a memorandum tending to that effect, which he says

was, in the course of the negotiation exhibited to Ayer; and he thinks more than once. Thus, it would seem, according to the testimony of this witness, that the real consideration for the assignment of the mortgages to Ayer, was the liability to extinguish the claim under the mortgage to Brown and Gardner, and $534,32 in payment of his debt, due from the Messrs. Coombs, in case the mortgages should be redeemed; and if not, as much as he could get from the property mortgaged, over and above what would be requisite to clear the estate of incumbrance.

But the testimony of this witness alone, would not be sufficient to overcome the denial of Ayer, in his answer, of any such understanding. Further evidence should be found for that purpose. And the fact, that Ayer took the assignments of the mortgages, with a knowledge that a prior incumbrance was outstanding upon the estate, embraced in those mortgages, may be presumptive evidence, to some extent, that he never would have taken those assignments without securing adequate means to remove it. But there is further testimony, which tends to corroborate this presumption, and to confirm the testimony of Coombs.

Henry Warren states, that, in the latter part of 1841, Ayer held a conversation with him; and said, that he had raised about eighteen hundred dollars to redeem the mortgage made to Brown and Gardner; that he did not know as he could raise *the* money till he tried; and had queried, whether, as money was hard to be obtained, it would be better to raise so large a sum to save so little as he should, by raising it; that " the sum he was going to save, I think he named, was about five hundred dollars;" that he asked him if the property was good for it, and he replied that he thought it was. This testimony seems to tend strongly to corroborate the statement of the witness, Coombs, as to the views entertained by both parties at the time the mortgages were assigned to Ayer; so that, on the whole, we can have no reasonable doubt, that a portion of the consideration for the transfer of those mortgages was the amount of the debt due to the holder of the

securities and mortgage made to Brown and Gardner; and that that portion of the consideration for the transfer was retained by Ayer for that purpose. And it has been settled in this State, that it is competent to show, that "the acknowledgment of the payment of the consideration money in a deed of conveyance, does not estop the grantor from showing, that a part of the money was left in the hands of the grantee to be applied to the grantor's use." *Skillinger* v. *McCann*, 6 Greenl. 364. And, if the grantor is not estopped, surely those claiming under him cannot be. Ayer, therefore, could not, by taking an assignment of the mortgage made to Brown and Gardner, be allowed to set it up in defence against the claim of the plaintiffs.

But it is insisted, that that mortgage became foreclosed, after Ayer made his purchase of the Messrs. Coombs, so that the title to the premises had become absolute in him before the plaintiffs' bill was filed.

It appears, that Brown and Gardner, in September, 1838, advertised, in the form prescribed by law, their intention to foreclose the mortgage, so that if they were then the owners of the mortgage, the right of redeeming the premises, if the debt were not paid, would have expired in September, 1841. But, although Ayer did not obtain his deed from the assignee of the mortgage till October of that year, yet he had paid the debt to the assignee of Brown and Gardner, in the month of August previous. And, besides, it appears, that Brown and Gardner, at the time they so advertised, were not the owners of the mortgage; but had assigned the same, in the September previous, to Mary Kinsley, of whom Ayer took his deed; so that the advertising by Brown and Gardner was wholly ineffectual for the purpose of foreclosing the mortgage; and could not enure to the benefit of any one. And, moreover, the payment of the amount secured, before the three years had elapsed after such advertising, if they had remained the owners of the mortgage, would have saved the forfeiture.

But there is another answer to this claim on the part of Ayer. We have before come to the conclusion, that Ayer

was bound to save the plaintiffs harmless from this incumbrance ; especially if he, as was in contemplation between him and the Messrs. Coombs, should become possessed of it. Being so bound, the circumstances under which he had acquired it would become immaterial.

As to the matter of the payment of taxes, and any title derived from or in consequence of their non-payment, Ayer, in reference to the premises in question, has no ground of defence, further than to have the amount paid to the other defendant, Fiske, on account thereof, taken into consideration in ascertaining the amount necessary to be paid to entitle the plaintiffs to redeem the same. Neither Ayer nor Fiske has any deed recorded in reference thereto, nor is any evidence adduced, showing the requisite proceedings necessary to authorize a sale for taxes, either of the premises, or of the property mortgaged by Treadwell, with which now we have no concern.

The defendant, Fiske, in his answer, states, that, on the ninth day of December, 1841, he purchased the premises in question, in fee, and by deed of general warranty, of the defendant, Ayer, for the agreed consideration of fourteen hundred dollars ; and on the same day re-conveyed the same in mortgage to secure the payment of said consideration ; and without any knowledge that Ayer had not an indefeasible title thereto. But it appears, that the deeds affecting Ayer's title were all duly recorded ; Fiske, therefore, must be deemed to have had constructive notice of their contents.

He insists, further, that the demand made upon him by the plaintiffs to state the amount due, was not sufficiently explicit to entitle them to maintain their bill against him ; and offers this as an excuse for not having made any reply to it. This demand, which is in writing, sets forth, that the plaintiffs had a right to redeem the premises, describing them particularly, and requests him to render a true account of the sum due, and for which he claimed to hold the premises. He being bound to know the state of his title, as the same appeared of record,

and the record affording sufficient means to enable him to see to what the plaintiffs' demand referred, we think the demand was sufficiently explicit. He having set up no other defence, except his reliance upon the ground taken by his warrantor, Ayer, and that proving insufficient, a decree must be passed against both defendants, allowing the plaintiffs to redeem the premises, upon paying to Ayer the amount of the principal and interest due, according to the terms of the mortgage to the Messrs. Coombs, the *net* rents and profits received, or which by due diligence might have been received by either of the defendants, and also the plaintiffs' cost of suit being deducted therefrom. If the parties cannot agree on the balance so to be paid, a master may be appointed to ascertain it.